IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **SHIRLEY BRINKLEY,** | § | **CAUSE NO. 08-012-DRH** |
| | § | |
| Plaintiff, | § | **JUDGE DAVID R. HERNDON** |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **WYETH, INC., et al.,** | § | **CJRA TRACK:  C** |
| | § | |
| Defendants. | § | **PRES. TRIAL MONTH:  July 2009** |
| | § | |

**MEMORANDUM IN SUPPORT OF DEFENDANT PLIVA, INC.'S, WYETH'S,
AND SCHWARZ PHARMA, INC.'S MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(A) AND TO STAY ALL CASE DEADLINES**

## INTRODUCTION

This is a pharmaceutical products liability action involving the prescription drug metoclopramide, which is available in name brand (Reglan®) or generic form. According to the Complaint, Plaintiff's medical records and Plaintiff's own representations, Plaintiff does not reside in Illinois, did not receive medical treatment in Illinois, did not purchase the prescription drug at issue in Illinois, and did not sustain any alleged injuries in Illinois. Moreover, Plaintiff has sued three nonresident companies for injuries allegedly caused by a prescription drug developed and manufactured outside of Illinois. Simply put, this case has no connection to Illinois.

On May 16, 2008, the parties participated in a telephone conference with Magistrate Judge Philip M. Frazier. The participants discussed the issue of venue and counsel for Plaintiff informed the Court that it would supply information demonstrating the propriety of venue in this Court. After failing to do so, this Court issued an order on July 25, 2008, directing Plaintiff to provide information pertaining to the issue of venue.

On August 12, 2008, Plaintiff's counsel sent an e-mail to defense counsel stating only that Plaintiff resides in Blue Spring, Missouri, a suburb of Kansas City, Missouri. (*See* Ex. A and ¶ 2 of the Affidavit of Thomas G. McIntosh ("McIntosh Aff."), attached hereto as Exhibit 1.)  Plaintiff has not offered any evidence to suggest that there is any nexus between Plaintiff's claims and this District.  Further, this is not the first time Plaintiff's counsel has filed a metoclopramide case in a jurisdiction with absolutely no connection to the events underlying the complaint.  *See Moretti v. Wyeth, Inc.*, Memorandum Opinion and Order, Civil No. 07-3920 (DWF/SRN), decided March 17, 2008, attached as Exhibit 2; *Burnett v. Wyeth Pharmaceutical, Inc.*, Memorandum Opinion and Order, Civil Action No. 06-4923 (DWF/SRN), decided March 17, 2008, attached as Exhibit 3.  In *Moretti* and *Burnett*, Plaintiffs' counsel filed suit on behalf of Nevada and Texas residents in Minnesota federal court, even though the events underlying those complaints occurred in Nevada and Texas and the witnesses and documents were located there.  The District Court of Minnesota granted the defendants' motions to transfer venue to the District of Nevada and Northern District of Texas.

Because Plaintiff has not come forward with any evidence demonstrating that her claims have a connection to this district, this action does not belong in this Court. Pursuant to 28 U.S.C. § 1404(a), the case should be transferred to Plaintiff's home district of Western Missouri.

**FACTUAL BACKGROUND**

Metoclopramide is used to treat a number of gastrointestinal disorders, including gastroesophageal reflux disease and gastroparesis.  At different times, defendants PLIVA, Inc. ("PLIVA"), Wyeth ("Wyeth"), and Schwarz Pharma, Inc. ("Schwarz") (collectively

2

"Defendants"), manufactured and distributed name brand Reglan® and/or generic metoclopramide. (Complaint, ¶¶ 2-6.)

Plaintiff alleges that her physician, Dr. Burnell Landers, prescribed Reglan® to her beginning in June of 1992. (Complaint, ¶ 8.) Pursuant to Missouri statutes, Plaintiff's pharmacy allegedly filled her prescription with the generic form of Reglan® – metoclopramide. (Complaint, ¶ 9.) Plaintiff took metoclopramide until April 2007. (Complaint, ¶ 10.) Plaintiff asserts that she developed tardive dyskinesia, a neurological disorder, as a result of her long-time ingestion of Reglan® and/or generic metoclopramide. (Complaint, ¶ 15.) Specifically, Plaintiff asserts that Defendants failed to adequately warn about the potential risk of side effects associated with long-term use of Reglan® and/or generic metoclopramide, and, as a result, she suffered permanent physical injures, incurred medical and related expenses, loss of ability to provide household services, disfigurement, disability, pain and suffering, psychological injury and other injuries and damages. (Complaint, ¶ 16.)

Plaintiff does not reside in Illinois. She resides in Blue Springs, Missouri, a suburb of Kansas City, Missouri. (*See* Civil Cover Sheet; and Ex. A to McIntosh Aff.) Nothing in her Complaint suggests that any of the events related to her claims occurred in Illinois, or that any relevant witnesses reside there. In fact, Plaintiff's Complaint and documents produced regarding product identification suggest otherwise. Plaintiff alleges that Dr. Burnell Landers prescribed her Reglan®. (Complaint, ¶ 8.) Dr. Landers is licensed to practice medicine in Missouri. (*See* McIntosh Aff., ¶ 3.) Dr. Landers' practice is located in Independence, Missouri, also a suburb of Kansas City, Missouri.

3

(*See id.*, ¶ 4.) Dr. Landers is not licensed to practice medicine in the state of Illinois. (*See id.*, ¶ 5.)

Further, all of the pharmacies at which Plaintiff obtained metoclopramide are located in Missouri. (*See* attachments to Plaintiff's Notice of Filing of Product Identification.) All of the doctors that prescribed medication to Plaintiff and listed in her pharmacy records are licensed to practice medicine in Missouri and are located in Missouri, with the exception of one doctor located in Kansas. (*See* McIntosh Aff., ¶ 6.) None of these doctors are located in Illinois or are licensed to practice medicine in Illinois. (*Id.*, ¶ 7.)

Accordingly, most, if not all, of the documents and records relevant to Plaintiff's case, including her medical and pharmacy records, as well as other documents relevant to alleged damages, will be in Plaintiff's home district. Similarly, most, if not all, of the relevant non-party fact witnesses, such as treating physicians and family members, will be located in Plaintiff's home district. One of the most critical witnesses, Plaintiff's prescribing physician, practices medicine in Plaintiff's home district.

Thus, the underlying events which form the basis of Plaintiff's allegations against Defendants – Plaintiff's claimed prescription for and ingestion of Reglan® and/or metoclopramide as well as her alleged development of Tardive Dyskinesa – occurred in her home district and not in Illinois. All contacts relate to Missouri, not Illinois. Moreover, Defendants' relevant corporate offices are not located in Illinois. (*See* Affidavit of Nicolas Tantillo ("Tantillo Aff."), attached as Ex. 4, ¶ 2; Affidavit of Paul Minicozzi, Ph.D. ("Minicozzi Aff.") attached as Ex. 5, ¶ 2; Declaration of Thomas Chabanis ("Chabanis Decl.") attached as Ex. 6, ¶ 2.) Thus, Defendants' corporate

documents related to areas central to products liability litigation, such as regulatory affairs, product labeling, and research and development are not located in Illinois.

## ARGUMENT

### I. Because Plaintiff's Claims Have Compelling Connections To Her Home Jurisdiction, And Not To Illinois, This Court Should Transfer This Action To The Western District Of Missouri

District courts are vested with broad discretion to order a change of venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 522 (1990); *Dulaney v. U.S.A.*, 472 F. Supp. 2d 1085, 1086 (S.D. Ill. 2006). Section 1404(a) is designed to prevent waste of time, energy and expense, as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Missouri Franchise Dev. Sys. LLC v. McCord*, 2007 U.S. Dist. LEXIS 78085, at *5 (S.D. Ill. Oct. 19, 2007). Transfer is appropriate under Section 1404(a) if: (1) venue is proper in both the transferee and transferor court; (2) it is for the convenience for the parties and witnesses; and (3) it is in the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *Forcillo v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 552 (S.D. Ill. 2004). Defendants do not dispute that venue is proper in this Court. However, Plaintiff's home district undoubtedly has jurisdiction over this action and it is a proper venue. Therefore, the only remaining issues are: (1) whether transfer is convenient to the parties and witnesses; and (2) whether transfer is in the interests of justice.

      A.      **Transfer Of This Action To The Western District Of Missouri Is Convenient For The Parties And The Witnesses**

In determining whether transfer is convenient for the parties and the witnesses, the Court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the availability of evidence in each forum; (4) the convenience to the witnesses; and (5) the convenience to the parties of litigating in each forum. *Deist v. Washington Univ. Med. Ctr.* 385 F. Supp. 2d 772, 773 (S.D. Ill. 2005).

      i.      **The Plaintiff's Choice of Forum is Entitled to Little Deference Because It Is Not Her Home Jurisdiction And Not The Situs of Material Events**

While a defendant moving for transfer typically bears the burden of establishing that transfer is warranted, "the defendants' burden in a motion to transfer decreases when the plaintiffs' choice of forum has no meaningful nexus to the controversy and the parties." *Greater Yellowstone Coalition v. Bosworth*, I180 F. Supp. 2d 124, 128 (D.D.C. 2001); *George v. Kraft Foods Global, Inc.*, 2007 U.S. Dist. LEXIS 18650, at *28 (S.D. Ill. Mar. 16, 2007). Moreover, courts afford a plaintiff's forum choice significantly less deference when: (1) plaintiff does not reside in the selected forum; or (2) the transaction and underlying facts did not occur in the chosen forum. *Deist*, 385 F. Supp. 2d at 774. Of course, here, Plaintiff neither resided in Illinois, nor did the underlying facts occur in Illinois.

In personal injury cases such as this one, difficult, if not insurmountable, problems are created if the case is allowed to proceed in a forum with no meaningful connection to the case. Consequently, courts in Illinois and elsewhere routinely have transferred these cases to the forums with the most significant connections to the cases. For example in *Brady v. Hanger Orthopedic Group, Inc.*, 2006 U.S. Dist. LEXIS 66112

6

(N.D. Ill. Aug. 30, 2006), an Illinois resident sued various out-of-state defendants, alleging that specially designed orthotic shoe inserts caused plaintiff's feet to bleed, and ultimately led him to be confined to a wheelchair. *Id.* at *2. The inserts were given to the plaintiff in Arizona. *Id.* The court granted the defendant's motion to transfer the action because the events comprising plaintiff's claims took place in Arizona and the relative ease of access to sources of proof weighed in favor of transfer. *Id.* at *6. *See also Personett v. Pier Trans., Inc.*, 2005 U.S. Dist. 26755 (N.D. Ill. 2005 Nov. 3, 2005) (granting motion to transfer personal injury action involving motor vehicle accident occurring in Indiana involving Indiana resident despite fact that two defendants resided in Illinois because interests of justice weighed in favor of transfer); *In re Eastern Dist. Repetitive Stress Injury Litig. ("EDRSIL")*, 850 F. Supp. 188, 196 (E.D.N.Y. 1994) (court presiding over consolidated products liability actions transferred 75 cases filed by nonresidents finding "no basis for subjecting witnesses and parties in other districts to the requirements that they appear in this district when federal courthouses much closer at hand are available").

The same result is warranted here. This case should be transferred to the Western District of Missouri, Plaintiff's home jurisdiction where the events comprising Plaintiff's claims arose. Numerous district courts have reached the same conclusion in products liability cases.[1] Moreover, the *Personett* and *EDRSIL* courts transferred actions even though at least one of the parties in each case resided in the transferor district. Here, *no*

---

[1] *See, e.g., McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 42-43 (D.D.C. 2003) (transferring products liability action to plaintiff's home district where his claims arose and many essential witnesses were located); *Netwig v. Georgia-Pacific Corp.*, No. Civ. 01-1253, 2002 WL 391354, at *3-*4 (D. Minn. Mar 11, 2002) (transferring products liability action to plaintiff's home district where accident occurred); *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 689 (S.D. Tex. 2002) (transferring products liability action to the forum where key witnesses were located and claims arose); *Zeevi v. Am. Home Prods. Corp.*, No. 99-CV-20277, 2002 U.S. Dist. Lexis 1095, at *6-*7 (E.D. Pa. Jan 24, 2002) (transferring products liability action to plaintiff's home district where events occurred and evidence and witnesses were located).

party resides in Illinois. Thus, the factors identified by this Court in *Deist* all decidedly weigh in favor of transfer to the Western District of Missouri.

### ii.     The Convenience Of The Witnesses And Availability of Evidence Weigh In Favor Of Transfer

The convenience of the witnesses is the single most important factor for the court in determining whether to transfer a case. *Dulaney v. U.S.A.*, 472 F. Supp. 2d 1085, 1087 (S.D. Ill. 2006) *citing Sitrick v. Dreamworks LLC*, 2003 U.S. Dist. LEXIS 24381, at *3 (N.D. Ill. May 13, 2003). First, the Court will look to whether the witnesses reside within the subpoena power of the either the transferor or transferee court. *FUL Inc. v. Unified School District No. 204*, 839 F. Supp. 1307, 1312 (N.D. Ill. 1993). Next, courts look to the materiality of the testimony to be provided by the non-party witnesses, not merely the number of them. *Id.* Thus, the factors regarding convenience of the witnesses and availability of evidence are closely intertwined.

Plaintiff asserts in her Complaint that she resides in Missouri. (Complaint at ¶ 1). The physician who prescribed Reglan® or metoclopramide to Plaintiff practices medicine in Missouri. (See McIntosh Aff. ¶ 3.) Plaintiff filled her metoclopromide prescriptions at a Missouri pharmacy. (See Complaint, ¶ 9.) Thus, Plaintiff's alleged injury likely occurred and was diagnosed in her home district. In short, Plaintiff cannot reasonably dispute that most, if not all, of the facts and events underlying Plaintiff's alleged claims occurred in her home district and not in Illinois. Consequently, all or most of the non-party witnesses to these events are located in Plaintiff's home forum.

Because critical witnesses reside in the transferee forum, none of them would be within the Court's subpoena power for trial[2], and thus key evidence would not be available in the Southern District of Illinois.  The Court's power to compel witnesses to appear at trial is a crucial factor in determining the convenience of the witnesses and the unavailability of material non-party witnesses weighs heavily in favor of transfer.  *Walter E. Heller & Co. v. James Godbe Co.*, 601 F. Supp. 319, 322 (N.D. Ill. 1984); *see also McGinnis v. Eli Lilly, Co., 181* F. Supp. 2d 684, 687-89 (S.D. Tex. 2002).  Keeping this case in this District therefore would result in the presentation of testimony of key witnesses (such as prescribing and treating physicians) by deposition, which by all accounts is inferior to live testimony and unsatisfactory to preserve the defendants' rights.  *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511 (1947); *Hess v. Gray*, 85 F.R.D. 15, 23 (N.D. Ill. 1979).

Even assuming that some witnesses are willing to travel to Illinois voluntarily, the long distance and added expense of such travel favor transferring the case to Plaintiff's home district.  *See, e.g.  In re EDRSIL*, 850 F. Supp. at 194 (finding that transfer would allow live trials at less expense); *see also Krestner v. Hilton Hotel Corp.*, 468 F. Supp. 176, 178 (E.D.N.Y. 1979) (same).  Ultimately, the decision whether to testify voluntarily lies with each individual witness, with no assurance that any will actually agree to appear in person and with no recourse to this Court if a witness refuses, or agrees and then changes his or her mind.

As to the second factor regarding the materiality of the testimony to be provided by the witnesses, the evidence weighs in favor of transfer.  The key issues upon which

---

[2] Kansas City, Missouri (where the courthouse for the United States District Court, Western District of Missouri is located) is about 230 miles from this Court.

9

this case will likely turn are Plaintiff's medical care and causation. Thus, the testimony of Ms. Brinkley's physicians will be critical. *See In re Consol. Parlodel Litig.* 22 F. Supp. 2d 320, 324 (D.N.J. 1998). Plaintiff names Dr. Burnell Landers as the physician who prescribed her Reglan®. (Complaint, ¶ 8.) Dr. Landers is licensed to practice medicine in Missouri, not in Illinois, and is located in a suburb of Kansas City, Missouri. (*See* McIntosh Aff., ¶¶ 3-5.) Dr. Burnell's testimony will be paramount in this matter. Because he resides in Missouri and is not subject to compulsory process of this Court, the materiality of his testimony weighs in favor of transfer to the Western District of Missouri.

In addition, other key evidence is located in the Western District of Missouri and not the Southern District of Illinois, namely Plaintiff's medical records, medical bills, and pharmacy records. The presence of this type of evidence in one jurisdiction versus another is given deference when determining transfer of venue. *See Deist*, 385 F. Supp. 2d at 774.

Finally, the District of Minnesota found in *Burnett* and *Moretti*, based on facts identical to those in the instant matter, that the convenience of the parties weighed in favor of transfer to the plaintiffs' home jurisdiction: "[n]ot only would venue in Texas be more convenient for most of the witnesses, venue in Texas would ensure the live testimony of critical witnesses located in that forum." *Burnett*, Civil Action No. 06-4923 at p. 5; *Moretti*, Civil Action No. 07-3920 at p. 5 (same). Accordingly, the convenience of witnesses and availability of evidence factors weigh strongly in favor of transfer.

### iii. Because This Action Has No Connection To Illinois, It Would Be Far More Convenient For The Parties To Litigate In The Plaintiff's Home District

To determine which venue is more convenient for the parties, courts typically analyze their respective residences and abilities to bear the expense of trial in a particular forum. *Von Holdt v. Husky Injection Moldy Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Here, Plaintiff resides outside Illinois, and events giving rise to her claims occurred outside Illinois, so clearly convenience favors transfer to the district where her claims arose – the Western District of Missouri. Furthermore, Defendants' corporate offices are outside of Illinois as well. (Tantillo Aff. at ¶ 2; Minicozzi Aff., at ¶ 2; Chabanis Decl., at ¶ 2.) Missouri, not Illinois, is therefore the most convenient forum for the parties.

Further, Plaintiff is likely better able to bear the expense of trial in her home jurisdiction than if she litigated in the Southern District of Illinois. Travel and accommodation expenses would be minimal for Plaintiff if she litigated her claims in the Western District of Missouri. Further, attending a trial several miles from her own home is almost certainly more convenient for Plaintiff than traveling 230 miles to Illinois. As to Defendants, the burden is not increased if this matter is transferred to the Western District of Missouri, as Defendants do not have the luxury of residing or having their principal places of business in either the Southern District of Illinois or the Western District of Missouri.

In the factually indistinguishable *Moretti* and *Burnett* cases, the District of Minnesota held that the convenience of the parties weighed in favor of transfer:

> First, Plaintiffs are residents of Texas and do not reside in or have any apparent connection to Minnesota. Second, the events giving rise to this

11

> litigation did not occur in Minnesota and this action bears little or no connection to Minnesota. In particular, Mr. Burnett was prescribed, ingested, and was allegedly injured by Reglan®/metoclopramide while living in Texas. The physicians who treated Mr. Burnett are all located in Texas. Finally, none of the defendant corporations are based in Minnesota. Even though Wyeth, Inc. has a registered agent in Minnesota, its presence in Minnesota appears to be at most minimally related to the facts of this case. The Court finds that the convenience of the parties weighs in favor of transferring this case to the Northern District of Texas.

*Burnett*, Civil Action No. 06-4923 at pp. 4-5; *Moretti*, Civil Action No. 07-3920 at pp. 4-5 (same).  Accordingly, as the *Moretti* and *Burnett* courts determined, the convenience of the parties in the instant matter weighs in favor of transfer to the Western District of Missouri.

### B. Because This Action Has No Connection To Illinois, The Interests of Justice Strongly Favor Venue Transfer As Well

The interests of justice also weigh strongly in favor of transfer.  This factor is a separate component of § 1404(a) analysis which does not relate to the specific dispute at issue, but to the efficient functioning of the court systems.  *Coffey*, 796 F.2d at 221; *Goodin v. Burlington N. R.R. Co.*, 698 F. Supp. 157, 159 (S.D. Ill. 1988).  Various factors can be analyzed, including:  (1) whether the burden of a jury trial should be imposed on a forum that has no relation to the litigation; (2) the Court's familiarity with the applicable law; and (3) the speed at which the case will proceed to trial.  *Coffey*, 296 F.2d at 221; *Deist*, 385 F. Supp. 2d at 774-775.  Each of the relevant factors, considered below, supports transfer of this action to Plaintiff's domicile – the Western District of Missouri.

First, allowing this case to proceed in Illinois will not promote judicial economy, but will, in fact, delay the judicial process.  Litigating Plaintiff's claims in this forum, when Plaintiff is not an Illinois resident, and where all of the critical events giving rise to her claims occurred outside the state, will unnecessarily occupy the Court's time,

consume resources and confer little benefit on Illinois residents and taxpayers. Illinois residents have no discernable interest in being called as jurors for a trial about a completely foreign dispute. *See Gulf Oil Corp.*, 330 U.S. at 508. Indeed, with all relevant evidence located out of state, there may be delay in securing documents or testimony.

Second, although Illinois obviously has an interest in the safety of medicines sold within the state, Plaintiff's home district has a greater interest in this action because most, if not all, of the underlying critical facts likely occurred in the Western District of Missouri. *See, e.g., In re Parlodel*, 22 F. Supp. 2d at 327. As such, "the burden of jury duty should not be placed on citizens with a remote connection to the lawsuit." *Nat'l Prop. Inv. VIII v. Shell Oil*, 917 F. Supp. 324, 330 (D.N.J. 1995). Rather, because this action has no connection to Illinois, this court should transfer this case to the district where the local courts and citizens have a greater interest in adjudicating the case. *Biomet v. Stryker Howmedica Osteonics Corp.*, 2004 U.S. Dist. LEXIS 6195 (N.D. Ill. Apr. 8, 2004) (transferring case between out-of-state parties regarding incident that occurred out-of-state where only connection to forum was residence of plaintiff's counsel).

Third, under established Illinois choice-of-law principles, the substantive law of Plaintiff's home district would govern this action. *See id.*, at *22-*23 (holding that in tort cases Illinois' choice-of-law rules mandate that courts apply the law of the state with the most significant relationship with the two most important contacts being the place where the injury occurred and the place where the conduct causing the injury occurred). Therefore, if the Court decides to keep this action, it will have to apply the substantive

law of Missouri. In diversity cases it is considered advantageous to have federal judges try a case who are familiar with the applicable state law. *Coffey*, 796 F.2d at 221. This factor weighs in favor of transfer to the state from which the substantive law will be drawn.

Fourth, the speed at which this case will proceed to trial also weighs in favor of transfer. The two most relevant statistics for making this determination are: (1) the median months from filing to disposition for civil cases; and (2) the median months from filing to trial for civil cases. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 904 (N.D. Ill. 2001). According to recent case management statistics, the median time to disposition for civil cases in the Western District of Missouri is better than in the Southern District of Illinois. (*See* Admin. Office of the U.S. Courts, Federal Court Management Statistics (2007), *available at* http://www.uscourts.gov/cgi-bin/cmsd2007.pl.) Thus, the median time for filing to trial weighs heavily in favor of transfer.

Indeed, in determining that the interests of justice weighed in favor of transfer, the Court in *Burnett* and *Moretti* held that there was "no question that this action lacks any meaningful connection to Minnesota" and the "citizens and court of Texas have a much greater interest in adjudicating this case." *Burnett*, Civil Action No. 06-4923 at p. 6; *Moretti*, Civil Action No. 07-3920 at p. 6 (same). As in those cases, the interests of justice weigh in favor of transfer of this case to the Western District of Missouri.

## C.  All Case Deadlines In Joint Report of Parties Should Be Stayed Pending The Court's Ruling On This Motion

Plaintiff's counsel informed counsel for Defendants and the Court that it would disclose information regarding the propriety of venue on May 16, 2008. Plaintiff has not disclosed any information regarding the propriety of venue, other than the fact that

14

Plaintiff resides in Blue Springs, Missouri. In addition, Plaintiff received an extra thirty days in which to produce product identification. Due to these delays and the pendency of Defendants' motion to transfer venue, Defendants respectfully request that the Court stay all case deadlines until the Court has ruled on Defendants' motion, and that the Court modify the timing of all outstanding deadlines.

## CONCLUSION

Based on the convenience of the witnesses and parties, and in the interest of justice, Defendants PLIVA, Inc., Wyeth, and Schwarz Pharma, Inc., respectfully request that this case be transferred pursuant to 28 U.S.C. § 1404(a) to the Western District of Missouri where Plaintiff's claims arose. Further, Defendants ask that the Court stay all case deadlines until the Court has ruled on Defendants' motion to transfer venue and in the event Defendants' motion is denied, Defendants request that the Court modify the timing of all outstanding deadlines.

Respectfully Submitted,

   s/ Sandra J. Wunderlich (with consent)
Sandra J. Wunderlich, #6227257
Stinson Morrison Hecker LLP
100 South Fourth Street, Suite 700
St. Louis, MO 63102
Tel No: (314) 259-4560
Fax No: (314) 259-4599
Email: swunderlich@stinson.com

15

        s/  Thomas G. McIntosh
Joseph P. Thomas (admitted *pro hac vice*)
Matthew Brammer (admitted *pro hac vice*)
Linda E. Maichl (admitted *pro hac vice*)
Thomas McIntosh (admitted *pro hac vice*)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202
Tel No: (513) 698-5000
Fax No: (513) 698-5001
Email: jthomas@ulmer.com
      mbrammer@ulmer.com
      lmaichl@ulmer.com
      tmcintosh@ulmer.com
***Counsel for Defendant PLIVA, Inc.***

   s/  Jeffrey R. Pilkington (with consent)
Jeffrey R. Pilkington (admitted *pro hac vice*)
Thomas H. Wagner (admitted *pro hac vice*)
Davis Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
Tel No: (303)892-7513
Fax No: (303) 893-1379
Email:  jeff.pilkington@dgslaw.com
***Counsel for Wyeth***

   s/  Henninger S. Bullock  (with consent)
Henninger Bullock (admitted *pro hac vice*)
Andrew J. Calica (admitted *pro hac vice*)
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
Tel No: (212) 506-2500
Fax No:  (212) 262-1910
Email:  hbullock@mayerbrown.com
      acalica@mayerbrown.com
***Counsel for Schwarz Pharma, Inc.***

                                <u>   s/ Beth A. Bauer (with consent)   </u>
                                Larry Hepler
                                Beth A. Bauer
                                Hepler Broom et al.
                                103 West Vandalia Street
                                Suite 300, P.O. Box 510
                                Edwardsville, IL 62025-0510
                                ***Counsel for Schwarz Pharma,***
                                ***Inc., and Wyeth***

17

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 2nd day of September 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the ECF system, and electronic notice of the filing was given to the following:

John J. Driscoll
Brown & Crouppen, P.C.
720 Olive Street, #1800
St. Louis, Missouri  63101
Email:  jdriscoll@brownandcrouppen.com

Daniel J. McGlynn
McGlynn, Glisson & Koch, APLC
340 Florida Street
P.O. Box 1909
Baton Rouge, LA  70821
Email:  danny@mcglynnglisson.com
Email :  ann@mgandk.com

*Counsel for Plaintiff*

                /s/  Thomas G. McIntosh